UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNELL DEMPSEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1042** |
| **BURL CAIN, ET AL.** | **SECTION "K"(6)** |

### ORDER AND REASONS

Before the Court is Petitioner Johnell Dempsey's Motion for Appeal of the Magistrate Judge's Decision (Rec. Doc. 30) ("Mot."). Petitioner, an inmate at Angola State Penitentiary, has filed a petition for habeas corpus with this Court (Rec. Doc. 1). The State of Louisiana responded (Rec. Doc. 8). Subsequently, Petitioner filed various motions seeking prompt disposition of his claim, including two motions for summary judgment (Rec. Doc. 14, 21). All motions filed in this matter were referred to Magistrate Judge Louis Moore, Jr. for consideration. Magistrate Judge Moore denied these motions, first because Petitioner failed to provide any legal basis whatsoever (Rec. Doc. 15), and second because, contrary to Petitioner's claims, the state had replied to his motion in a timely manner (Rec. Doc. 20). Petitioner filed objections to the magistrate's ruling, which in essence is actually a reply to the State's response concerning the timeliness of his habeas petition. (Rec. Doc. 23). He then filed yet another motion for summary judgment (Rec. Doc. 24), claiming that the State failed to reply to his factual allegations. This motion was again denied because an issue of material fact existed and Petitioner had not borne his burden of proof. (Rec. Doc. 25). Petitioner's motion for reconsideration (Rec. Doc. 28) was also denied (Rec. Doc. 39).

1

It is not entirely clear to this Court what order Petitioner is appealing from.  However, construing Petitioner's pro se appeal liberally, *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996), it seems that Petitioner claims that the magistrate judge erred in denying his summary judgment motion.  This Court will construe the magistrate's order as a report and recommendation, considering it addressed a motion for summary judgment.  28 U.S.C. § 636(b)(1)(B).[1]  This Court's review shall be *de novo*.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Petitioner asserts that the State has failed to reply to his factual assertions.  Mot. at 1.  However, the State has clearly disputed the timeliness of Petitioner's habeas corpus petition, a dispute that certainly raises an issue of fact

---

[1]Section 636(b)(1) provides, in relevant part:

(b)(1) Notwithstanding any provision of law to the contrary--

    (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

    (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C.A. § 636(b)(1)(A)-(B).

considering that Petitioner claims that he did indeed timely file.  This amounts to an issue of material fact.  *Muniz v. Quarterman*, No. Civ. A. C-07-76, 2007 WL 2033816, at *2 (S.D. Tex. July 9, 2007) (holding summary judgment inappropriate where "[p]etitioner [had] at least raised a fact issue as to the timeliness of his federal habeas petition").  Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Appeal of the Magistrate Judge's Decision (Rec. Doc. 30) is **DENIED.**

New Orleans, Louisiana, this 17th day of June, 2008.

                              **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT JUDGE**