UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNELL DEMPSEY                                    CIVIL ACTION

VERSUS                                             NO. 07-1042

BURL CAIN                                          SECTION "K"(4)

*ORDER AND REASONS*

Before this Court is the Section 2254 Habeas Corpus Petition (Doc. 45) ("Petition") of Johnell Dempsey seeking relief from a sentence imposed by a Louisiana State Court in connection with his conviction for four counts of armed robbery in violation of La.Rev.Stat. Ann. §14:64. After reviewing the pleadings, the applicable law, the Report and Recommendation of the Magistrate Judge (Doc. 44), and the Petitioner's Objections to the Magistrate's Report and Recommendation (Doc. 45) ("Objection"), this Court hereby dismisses the Section 2254 Petition for the reasons assigned herein.

I. BACKGROUND

A. FACTS

The Petitioner Johnell Dempsey is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. On June 25, 2002, a jury convicted Dempsey of four counts of armed robbery after a trial in the Criminal District Court in Orleans Parish, Louisiana. The state charged Dempsey as a second felony offender, and he was sentenced to serve four consecutive 99 year sentences without benefit of parole,

1

probation, or suspension of sentence.

**B. PROCEDURAL HISTORY**

Dempsey filed a timely direct appeal to the Louisiana Fourth Circuit Court of Appeal, which affirmed his conviction and sentences on April 2, 2003. State v. Dempsey, 844 So. 2d 1037, 1041 (La. Ct. App. 2003). On that same day, notice of the denial was sent by the Clerk of Court to Dempsey's counsel by certified mail (St. Rec. Vol. 2 of 4, Certificate of Service by Court of Appeal, Fourth Circuit, 4/2/2002). Pursuant to La. Sup.Ct. Rule X §5, Dempsey then had until May 2, 2003 (thirty days from the mailing of the denial), to file a timely writ application to the Louisiana Supreme Court. However, Dempsey did not submit a writ application to the Louisiana Supreme Court until June 20, 2003.

The Louisiana Supreme Court denied Dempsey's writ application on June 25, 2004. State ex rel. Dempsey v. State, 876 So. 2d 823 (La. 2004). Dempsey sought reconsideration which the Louisiana Supreme Court also denied on October 15, 2004. State ex rel. Dempsey v. State, 883 So. 2d 1053 (La. 2004).

On July 7, 2005, Dempsey submitted a writ application to the Louisiana Fourth Circuit seeking an order directing the trial court to rule on his application for post-conviction relief which Dempsey alleges he mailed on July 26, 2004.[1] The Louisiana Fourth Circuit denied this writ application on January 13, 2006, finding no basis to grant relief. State v. Dempsey, No. 2005-K-1152 (La. App. 4th Cir. January 13, 2006).

---

[1] The state district court record does not include the application for post-conviction relief allegedly mailed by petitioner to the state district court on July 26, 2004.

On January 24, 2006, Dempsey filed another writ with the Louisiana Fourth Circuit, which the appellate court denied as repetitive on March 6, 2006. State v. Dempsey, No. 2006-K-0080 (La. App. 4th Cir. March 6, 2006).

In the meantime, Dempsey submitted a writ application to the Louisiana Supreme Court challenging the Louisiana Fourth Circuit's January 13, 2006 ruling. The Louisiana Supreme Court denied this writ application without reasons on December 15, 2006. State ex rel. Dempsey v. State, 944 So. 2d 1280 (La. 2006).

**C. FEDERAL PETITION**

Dempsey filed a petition for federal habeas corpus relief on February 16, 2007, in which he raised eight grounds for relief. The State of Louisiana sought dismissal of Dempsey's petition arguing that Dempsey failed to file the federal petition timely.

Pursuant to 28 U.S.C. §636(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, this proceeding was referred to the Honorable Magistrate Judge Karen Wells Roby to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings of fact and recommendations for disposition. Magistrate Judge Roby concluded that the disposition of this matter does not require a hearing and recommended dismissal of the Petition with prejudice because of its untimely filing (Doc. 44).

In an objection to Magistrate Judge Roby's Report, Dempsey claims that he did not receive notice of the Louisiana Fourth Circuit's denial of his appeal until June 12, 2003. He asserts that the thirty day limit for filing his writ application to the Louisiana Supreme Court should not have begun to run until he received notice of the denial. Dempsey argues that because he filed his writ application within thirty days of receiving

notice of the appellate court's denial of his writ application, his June 20, 2003 writ application to the Louisiana Supreme Court is timely. Dempsey further asserts that the cases holding that the thirty day limit for filing a writ application to the Louisiana Supreme Court begins when the court of appeal sends notice of denial are new cases that should not apply to him. Dempsey also argues that a new rule of constitutional law, recognized in Blakely v. Washington, 542 U.S. 296 (2004), applies to his case and thereby tolls his one year limit to file for federal habeas relief.

## II. STANDARD OF REVIEW

Magistrate judges are empowered by statute to preside over certain pretrial matters upon appointment by a district judge. 28 U.S.C. § 636(b)(1)(A); see also Rules Governing § 2254 Cases, Rule 10. A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those sections are not clearly erroneous. See id; Fed. R. Civ. Pro. 72(b). However, where a party makes "specific, written objections" within ten days after being served with a copy of the magistrate's recommendation, the district court must undertake *de novo* review of those contested aspects of the report. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. Pro. 72(b). The district judge may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions". Fed. R. Civ. Pro. 72(b).

## III. ANALYSIS

Because Dempsey objects to Magistrate Judge Roby's Report, this Court now reviews his objections *de novo* pursuant to 28 U.S.C. §636(b)(1)(C).

### A. APPLICATION OF LA. SUP.CT. RULE X §5(a)

Dempsey suggests an alternative calculation of timeliness for the purposes of Louisiana Supreme Court Rule X §5(a)'s thirty day limitation period as it applies to the one year limitation period of 28 U.S.C. §2241(d)(1). Dempsey argues that the thirty day period should commence upon actual receipt of notice of denial rather than upon mailing of the notice.

> 28 U.S.C. § 2244(d)(1) states, in pertinent part:
>
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

A "conviction becomes final when the time for seeking further direct review in the state court expires." Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

The Fifth Circuit applies the language of La. Sup.Ct. Rule X § 5(a) in calculations of timeliness in applicable cases subject to 28 U.S.C. § 2244(d). See Williams v. Cain, 217 F.3d 303, 308 (La. 2000). La. Sup.Ct. Rule X § 5(a) states, in pertinent part:

> "An application seeking to review a judgment of the court of appeal either after an appeal to that court, ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.... No extension of time therefor will be granted."

The plain language of La. Sup.Ct. Rule X § 5(a) clearly indicates that the time period for filing an appeal to the Louisiana Supreme Court begins upon the mailing of the notice of judgment of the court of appeal rather than upon the prisoner's receipt of the judgment. Lookingbill v. Cockrell, 293 F.3d 256, 262 (5th Cir. 2002) ("Federal courts interpret the federal time period as running from the event described rather than from receipt of notice"); Butler v. Cain, 533 F.3d 314 (5th Cir. 2008). Furthermore, the Rule

5

explicitly disallows extensions. Williams, 217 F.3d at 308; Bryant v. Louisiana, 2007 WL 2323383 at *6 (E.D.La. 2007).

As for Dempsey's contention that the interpretation that La. Sup.Ct. Rule X § 5(a)'s thirty day limit begins upon mailing of judgment rather than receipt of judgment is a new rule of law, this Court notes that, as stated earlier, La. Sup.Ct. Rule X § 5(a) is clear and unambiguous on its face. Furthermore, as early as June 3, 2002, twenty-two days before Dempsey was convicted, the Fifth Circuit held that the thirty day time period of La. Sup.Ct. Rule X § 5(a) begins to run upon mailing rather than "receipt of notice." Lookingbill 293 F.3d at 262. Therefore, this Court finds no merit to Dempsey's contention that this interpretation is a new rule of law which should not apply to his appeal.

The Louisiana Fourth Circuit Court of Appeal mailed Dempsey notice of the denial of his appeal on April 2, 2003. Dempsey did not submit a writ application to the Louisiana Supreme Court until well after the May 2, 2003 deadline. Accordingly, Dempsey's conviction became final on May 2, 2003.

## B. THE RUNNING OF THE LIMITATIONS PERIOD

Once Dempsey's conviction became final on May 2, 2003, the one year period set out in 28 U.S.C. § 2244(d)(1)(A) for filing for a federal writ of habeas corpus began to run. The time "during which a properly filed application for State post-conviction or other collateral review … is pending" is excluded in calculating the one year limitations period. 28 U.S.C. §2244(d)(2). Notwithstanding any "properly filed" application for post-conviction relief pending in Louisiana state court, Dempsey had until May 3, 2004 to file his petition federal habeas relief.

A state application is "properly filed" if it "conforms with a state's applicable procedural filing requirements." Williams, 217 F.3d at 306 (quoting Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999)). A writ application to the Louisiana Supreme Court filed after La. Sup.Ct. Rule X § 5(a)'s thirty day limit is not "properly filed" and does not toll 28 U.S.C. §2244(d)(1)(A)'s one year statute of limitations. Butler, 533 F.3d at 319-20. Dempsey filed a writ application to the Louisiana Supreme Court on June 20, 2003. As discussed earlier, however, Dempsey's writ application was filed well after La. Sup.Ct. Rule X § 5(a)'s thirty day limit. This writ application was therefore not "properly filed" and did not toll 28 U.S.C. §2244(d)(1)(A)'s one year statute of limitations.

Petitioner alleges that he mailed an application for post-conviction *habeas* relief to the state district court on July 26, 2004. As noted previously, the state district court record does contain that pleading. However, even if petitioner filed an application for *habeas* relief with the state district court on that date, it was filed more than one year from May 3, 2003, the date petitioner's conviction became final, and therefore did not toll the one year limitation period for filing a petition for *habeas corpus* relief pursuant to 28 U.S.C. §2254. Accordingly, this petition for federal post-conviction relief is time barred.

## C. EQUITABLE TOLLING

Although Dempsey did not raise the issue of equitable tolling in his Objection, this Court will nevertheless address that issue. The decision to invoke equitable tolling is left to the discretion of the district court and is subject to review only for abuse of discretion. Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002). Equitable tolling is

permitted only in "rare and exceptional circumstances" where "the plaintiff is actively misled by the defendant ... or is prevented in some extraordinary way from asserting his rights." Id. (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999)). A delay due to "systemic deficiencies in the prison mail system" does not qualify as an "exceptional circumstance." Bryant, 2007 WL 2323383 at *4-5. Therefore, any delay Dempsey experienced in receiving notice of his denial of appeal from the Louisiana Fourth Circuit due to the mail system at the Louisiana State Penitentiary does not qualify Dempsey for equitable tolling.

Furthermore, Dempsey was represented by the Louisiana Appellate Project during his direct appeal to the Louisiana Fourth Circuit. His delay in notice was therefore apparently attributable in large part to the inaction of his counsel in notifying Dempsey of the denial[2]. Thus, Dempsey was not misled by the state or otherwise "prevented in some extraordinary way from asserting his rights." See also Bryant, 2007 WL 2323383 at *5 (prisoner represented by Louisiana Appellate Project on direct appeal does not qualify for equitable tolling due to delay in notice of denial of appeal).

**D. NEW RULE OF CONSTITUTIONAL LAW - <u>BLAKELY V. WASHINGTON</u>**

In Blakely, the Supreme Court concluded that facts increasing the sentence for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 542 U.S. at 313-14. Dempsey asserts that because Blakely involves a new rule of constitutional law, his one year limitations period for filing for federal habeas relief should begin after Blakely was decided[3]. This Court finds no merit to Dempsey's

---

[2]Dempsey alleges no ineffective assistance of counsel on this issue.
[3]"A 1-year period of limitation ... shall run from ... the date on which the constitutional right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C.

claim. Blakely is wholly inapplicable to petitioner's case. Blakely involves a prisoner who was sentenced above the statutory maximum. Id. at 298. The state trial court sentenced Dempsey within the statutory maximum. See La.Rev.Stat. Ann. §14:64. Blakely offers petitioner no relief.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Dempsey's Section 2254 Habeas Corpus Petition is dismissed.

New Orleans, Louisiana, this 23rd day of March, 2010

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

§2244(d)(1)(C).