UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE JOHNELL DEMPSEY                                          CIVIL ACTION

VERSUS                                                         NO. 07-1042

BURL CAIN, WARDEN                                              SECTION "K"(4)

## ORDER AND OPINION

Before the Court is the "Motion Under Federal Rule 60(B) 1-6" filed by petitioner Johnell Dempsey, *pro se* (Doc. 64). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Background

Because the procedural history of this matter is set forth in detail in the Report and Recommendation prepared by Magistrate Judge Karen Wells Roby (Doc. 44) and in the Order and Reasons entered by this Court (Doc. 46), only the background relevant to this motion is included herein. A state court jury convicted Johnell Dempsey of four counts of armed robbery. The state district judge sentenced petitioner to four consecutive 99 year terms imprisonment without benefit of parole, probation, or suspension of sentence.

On April 2, 2003, the Louisiana Fourth Circuit Court of Appeals affirmed petitioner's convictions and sentences on direct appeal. That same day the Clerk of Court for the Fourth Circuit Court of Appeals mailed Dempsey's counsel a notice of the denial of Dempsey's appeal.

Louisiana Supreme Court Rule X§5(a) provides that an application seeking review of the judgment of the court of appeals shall be filed or postmarked within 30 days of the issuance of the judgment. Petitioner did not submit an application for writs to the Louisiana Supreme Court until

June 20, 2003, more than 30 days after the issuance of the judgment of the appellate court. The Louisiana Supreme Court denied Dempsey's application for writs as well as his request for reconsideration of the denial of writs. Thereafter Dempsey filed a number of pleadings in state courts seeking relief from his conviction and sentence. The state courts denied relief in every instance.

On February 16, 2007, Dempsey filed a petition for federal *habeas corpus* relief pursuant to 28 U.S.C. §2254. The Court referred the matter to a United States Magistrate Judge who issued a Report and Recommendation opining that Dempsey's petition be denied with prejudice as untimely pursuant to 28 U.S.C. §2244(d)(1) (Doc. 44). The Magistrate Judge determined that Dempsey's convictions became final on May 2, 2003 when he failed to seek review of the court of appeals decision affirming his convictions and sentences within 30 days of issuance of court of appeals decision affirming his conviction. Relying on 28 U.S.C. §2244, the Magistrate Judge concluded that petitioner had one year from May 3, 2003, excluding the time during which he had a properly filed petition for post-conviction relief or other collateral review proceeding pending in state court, to timely file a petition for federal post-conviction review. The Magistrate Judge then opined that because petitioner had failed to timely file his application for writs with the Louisiana Supreme Court, none of the other post conviction proceedings filed by him were "properly filed," and therefore the time during which those proceedings remained pending could not be excluded from the one year period for filing a timely petition for federal *habeas* review.

Petitioner objected to the Report and Recommendation (Doc. 45) urging that because he did not receive the ruling from the Fourth Circuit Court of Appeals denying his direct appeal until June 12, 2003, his June 20, 2003 application for writs to the Louisiana Supreme Court was timely,

thereby rendering all of his subsequently filed state court proceedings "properly filed" and his federal petition timely filed. The Court overruled the petitioner's objections, issued an Order and Reasons adopting the Magistrate Judge's findings, and dismissed Dempsey's petition with prejudice (Doc. 46). Petitioner appealed the denial of his petition to the Fifth Circuit Court of Appeals. The Court of Appeals affirmed the judgment of this Court. *Dempsey v. Cain*, No. 10-30422 (5th Cir. October 7, 2011). Dempsey then applied to the United States Supreme Court for a writ of *certiorari*. The Supreme Court denied Dempsey's application (Doc. 63).

Petitioner asks the Court to reconsider its determination that his *habeas corpus* petition was not timely filed urging that his counsel essentially abandoned him and that counsel's behavior establishes circumstances beyond petitioner's control so as to entitle him to equitable tolling of the one year limitation period of §2244(d).

Law and Analysis

Although Rule 60(b) of the Federal Rules of Civil Procedure may not be used to attack a prior merits-based ruling, "where a habeas petitioner 'merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as . . . statute-of-limitations bar,' Rule 60(b) empowers a federal court to hear the petitioner's challenge." *Hernandez v. Thaler*, 630 F.3d 420, 427) (5th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)). Rule 60(b) identifies several bases for granting post-judgment relief. After reviewing Rule 60(b), it is clear that only Rule 60(b)(6) providing for relief for "any other reason that justifies relief" applies in the context of petitioner's motion. Relief under Rule 60(b)(6) "is granted only if extraordinary circumstances are present." *Williams v. Thaler*, 602 F.3d 291, 311 (5th Cir. 2010).

3

As noted previously, Dempsey asserts that his counsel failed to notify him that the state court of appeals affirmed his convictions and sentence and thereby abandoned him, and that counsel's abandonment of petitioner's representation qualifies as an extraordinary circumstance warranting equitable tolling. Petitioner, in support of his contention that he is entitled to equitable tolling, submitted a letter from Lieutenant Cindy Vannoy, the Mail/Package Department Supervisor at the Louisiana State Penitentiary, where petitioner is incarcerated, and a copy of the computer log for the mail room. The letter states that petitioner:

> may submit a copy of this letter and the attached computer log to the courts for proof that neither the institution, nor you received any article of mail identified as coming from neither Louisiana Appellate Project nor Attorney Karen Arena. The attached computer log is a complete reflection of the identifiable privileged mail received for you during the year 2003.

Doc. 64-2, Ex. D.

In *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court reviewed the dismissal, as time-barred, of a state prisoner's motion for federal *habeas corpus* relief and held that the one-year limitation period of §2244(d) is subject to equitable tolling, After examining the facts in *Holland,* the Supreme Court remanded the case to the court of appeals for a determination of whether the conduct of by counsel for a state prisoner qualified as an extraordinary circumstance sufficient to warrant equitable tolling of §2244(d). The Supreme Court noted that a petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  *Id.* at 2562 (internal quotations and citations omitted). The *Holland* Court acknowledged that the Supreme Court had "previously held that 'a garden variety claim of excusable neglect' . . . does not warrant equitable tolling" but that the facts of Holland's case presented "far

4

more serious instances of attorney misconduct." *Id.* at 2564 (internal quotation and citation omitted). The Supreme Court summarized Holland's counsel's failures as follows:

> [counsel] failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of doing so. [Counsel] apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable rules. [Counsel] failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And [counsel] failed to communicate with his client over a period of years, despite various pleas from Holland that [counsel] respond to his letters.

*Id.* at 2564. Based on those facts, the Supreme Court opined that counsel's failure might go beyond simple negligence.

The facts involved herein do not rise to the level of attorney misconduct described in *Holland.* Petitioner's counsel apparently failed to notify Dempsey that the Fourth Circuit Court of Appeals affirmed his convictions, and apparently did not send petitioner any mail identified as "legal" mail during 2003. However, unlike in *Holland*, petitioner has not provided any evidence or even alleged that he communicated with his counsel during 2003 to inquire as to the status of his pending appeal, the need to timely file an application for writs to the Louisiana Supreme Court, the need to file a proceeding for post-conviction relief, or any other matters. Petitioner has not pointed to any facts which can be reasonably construed as anything more than possibly simple negligence.

Moreover, petitioner's reliance on *Maples v. Thomas*, ___ U.S. ___, 132 S.Ct. 912, 922 (2012) does not entitle petitioner to the relief sought. In *Maple*s the Supreme Court analyzed whether counsel's abandonment of a client, a state prisoner, can constitute "extraordinary circumstances" beyond the control of the client for purposes of overcoming a state procedural bar to a federal petition for post-conviction relief. The Supreme Court acknowledged that "[c]ause

for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Id.* at 922 (internal quotations and citations omitted).  The Court noted that:

> under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him.  Nor can a client be faulted for failing to act on his own when he lacks reason to believe his attorney of record, in fact, are not representing him.

The facts of *Maples* established that counsel for Maples severed their agency relationship with Maples long before the default occurred.  More than nine months before the state court entered its order denying Maples relief, both counsel representing Maples left the law firm where they were employed at the time they filed Maples' post-conviction pleading and failed to file motions to withdraw from the representation.  Additionally, both counsel's new employment barred them from continuing to represent Maples.

The Court notes that *Maples* addressed the issue of "cause" for purposes of overcoming state procedural default, rather than equitable tolling, the principle involved herein, and thus is not dispositive.  Moreover, here there is no evidence that Dempsey's counsel actually abandoned him.  Petitioner's conclusory allegations of abandonment are insufficient to establish that counsel abandoned Dempsey.  Counsel's failure to mail Dempsey the notice of the denial of his direct appeal and the failure to send legal mail during 2003 cannot be reasonably construed to constitute the total abandonment by counsel of Dempsey's representation that the facts established in *Maples*.  *Maples* does not mandate the relief sought by petitioner.  Accordingly, because petitioner has failed to establish extraordinary circumstances sufficient to warrant equitable tolling, the Court DENIES Dempsey's "Motion Under Rule 60(B)1-6."

New Orleans, Louisiana, this 19th day of September, 2013.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE